Filed 6/23/14  In re J.V. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re J.V., a Person Coming Under the Juvenile Court Law. | B252283 |
| THE PEOPLE,<br><br>                 Plaintiff and Respondent,<br><br>        v.<br><br>J.V.,<br><br>                 Defendant and Appellant. | (Los Angeles County<br> Super. Ct. No. NJ27070) |

APPEAL from a judgment of the Superior Court of Los Angeles County. John C. Lawson, Judge.  Affirmed.

Bruce G. Finebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

_____

In October 2013 the juvenile court sustained a petition filed by the Los Angeles County District Attorney's office after finding that minor J.V., age 14, was a ward of the court based on her habitual truancy. (Welf. & Inst. Code, § 601, subd. (b).) In addition to the truancy allegations, the petition alleged that a School Attendance Review Board (SARB) had determined that the available services were insufficient to correct her behavior and that the minor also failed to comply after mediating the matter with the district attorney's office.

J.V.'s school attendance counselor testified that J.V. missed 55 days of school during the 2011-2012 school year, with 22 unexcused absences and 79 days of partial attendance. The counselor's testimony was based in part on teacher-prepared attendance logs.

The counselor testified that she sent a truancy warning letter to J.V.'s grandmother, who was the girl's caretaker. The counselor also spoke with the grandmother about J.V.'s many unexcused absences. J.V. and her grandmother attended an SARB meeting to discuss the girl's repeated truancies, after which J.V. signed a contract concerning her school attendance. When her truancy problems continued, the matter was referred to the district attorney's office for mediation, which eventually led to the wardship petition being filed.

The grandmother testified at the hearing and acknowledged that J.V. had a truancy problem, but placed some of the blame on the school's failure to address incidents where J.V. was attacked by other students.

The trial court struck from the petition allegations concerning truancies during the Fall 2012 semester, sustained the remaining allegations, and placed J.V. home on probation. J.V. filed a notice of appeal. On March 10, 2014, her appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 in which no issues were raised. Attached to the brief was a declaration from counsel stating that he had reviewed the record, written to J.V., sent her a copy of the brief and the record, and advised her of her right to file a supplemental brief within 30 days. That same day, we sent J.V. a letter concerning her counsel's inability to find any arguable issues and

advised her of her right to file supplemental briefing.  She did not file a supplemental brief.

We have examined the entire record and are satisfied that J.V.'s attorney has fully complied with his responsibilities and that no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259; *People v. Wende, supra,* 25 Cal.3d 436.)

**DISPOSITION**

The judgment is affirmed.


RUBIN, J.

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.